**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DYC FISHING, LTD.,
a Jamaica corporation,

    Plaintiff,

v.                                                      CASE NO. 3:05-cv-481-J-20TEM

BEAVER STREET FISHERIES, INC.,
a Florida corporation,

    Defendant.
_____

**O R D E R**

It has come to the Court's attention that Plaintiff's Reply to Affirmative Defenses (Doc. #11, Reply) was filed on August 8, 2005 and Plaintiff's Amended Reply to Affirmative Defenses (Doc. #13, Amended Reply) was filed on August 10, 2005.  For the following reasons, the Court has determined these documents do not comport with the applicable rules of procedure and **SHALL BE STRICKEN** from the record.

Rule 7(a) of the Federal Rules of Civil Procedure limits the pleadings that may be filed in an action and requires a court order before a reply to an answer may be filed.  Rule 7(a) specifies:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a).

Although Rule 7(a) vests the Court with discretion to order a reply to an answer, such

action is rarely taken.  *See, e.g.*, *Hyman v. Regenstein,* 222 F.2d 545 (5th Cir. 1955)[1] (court refused to require plaintiff reply to defendant's answer); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (the Federal Rules of Civil Procedure do not permit a response to an answer that does not contain a counterclaim); *Fine v. Paramount Pictures, Inc.*, 171 F.2d 571, 574 (7th Cir. 1948) (the facts alleged affirmatively in the answer are to be taken as denied and require no further pleading by plaintiff unless directed by the court); and, *Traylor v. Black, Sivals & Bryson, Inc.*, 189 F.2d 213, 216 (8th Cir. 1951) (after the action was removed to the federal court, a reply to the answer was not permissible, except by order of the trial court granted in its sound discretion); *Moviecolor Ltd. v. Eastman Kodak Co.*, 24 F.R.D. 325, 326 (S.D.N.Y. 1959) (a reply to an affirmative defense would not be ordered absent a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature).

Thus, upon due consideration it is hereby **ORDERED:**

1. Plaintiff's Reply to Affirmative Defenses (Doc. #11) shall be **STRICKEN FROM THE RECORD**.  The document may remain on the public docket sheet.

2. Plaintiff's Amended Reply to Affirmative Defenses (Doc. #13) shall be **STRICKEN FROM THE RECORD**.  The document may remain on the public docket sheet.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of August, 2005.

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.