**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DYC FISHING, LTD.,
a Jamaica corporation,

      Plaintiff,

vs.                                                                      CASE NO. 3:05-cv-481-J-25TEM

BEAVER STREET FISHERIES, INC.,
a Florida corporation,

      Defendant.

_____

**O R D E R**

This case came before the Court on January 26, 2006 for a hearing on Defendant's

Amended Motion for Protective Order or, in the alternative, Confidentiality Order (Doc.

#16), Plaintiff's Motion to Compel Production of Document[s] and Things (Doc. #22) and

Plaintiff's Renewed Motion to Determine Sufficiency of Objections to Request for

Admissions and to Compel Answers (Doc. #28), and the opposition thereto (Docs. #18,

#20, #23, and #29).  The Court additionally heard argument on Defendant's recently filed

Motion for Protective Order (Doc. #32) and Plaintiff's Memorandum in Opposition (Doc.

#34) to that motion.

Defendant argues good cause exists for protection from Plaintiff's currently

propounded admissions and discovery requests, and to stay overall discovery until the

District Court rules on Defendant's Motion for Judgment on the Pleadings because the

response to the sought requests would be unduly burdensome.  Defendant has objected

to each of Plaintiff's requests for admissions and requests for documents and things.  *See*

Doc. #16, Exh. C.  Defendant asserts requiring responses to the sought discovery at this

stage in the litigation would be a burden because the Court lacks subject matter jurisdiction over Plaintiff's asserted claims and "the case itself is untenable."   Doc. #29 at 2-3. Defendant additionally asserts the sought information is "confidential business information that [Defendant] would not otherwise disclose to third parties." *Id.* at 3.

Plaintiff requests the Court overrule Defendant's stated objections and require responses to the sought discovery.  Plaintiff argues Defendant has not shown good cause for entry of a protective order, nor has Defendant submitted an acceptable confidentiality order.  *See* Doc. #18, generally.  Plaintiff asserts the sought discovery also goes to Defendant's counterclaims and should be ordered because the objections are legally insufficient, the RFP's are narrowly tailored and the age of the sought documents renders them to be of "little confidential value." *See* Doc. #22, generally.

The Court notes Defendant's Motion for Judgment on the Pleadings (Doc. #15) is currently pending before the District Court.

The Court clarified the parties' positions and heard oral argument on January 26, 2006.  Additionally, the Court has reviewed each of the referenced motions and responses, including the authority cited by the parties, and the motion for judgment on the pleadings.

Plaintiff initiated this lawsuit alleging claims for declaratory relief, tortious interference with advantageous business relations and common law unfair competition in relation to it business in the Jamaican conch market.  *See* Doc. #1, Complaint.  Defendant asserts Plaintiff filed this lawsuit solely for the purpose of gaining access to its confidential business records (Doc. #16 at 3).  Defendant moved for judgment on the pleadings, claiming Plaintiff

has failed to state a claim that invokes the jurisdiction of the Court (Doc. #15).  Defendant

also filed what it characterizes as a "compulsory counterclaim."[1]

While motions to stay discovery may be granted pursuant to Rule 26 (c), Fed. R.

Civ. P., the moving party bears the burden of showing good cause and reasonableness.

*Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) *citing Howard v. Galesi*, 107

F.R.D. 348,350 (S.D.N.Y. 1985).  A request to stay discovery pending a resolution of a

motion is rarely appropriate unless resolution of the motion will  dispose of the entire case.

*Id.*  In this regard, the Court must take a "preliminary peek" at the merits of a dispositive

motion to see if it "appears to be clearly meritorious and truly case dispositive."  *Feldman,*

*supra*, 176 F.R.D. at 652-53. In this instance, the undersigned finds resolution of

Defendant's Motion for Judgment on the Pleadings may indeed dispose of Plaintiff's case

in its entirety and may dispose of counts two and three in Defendant's counterclaim.

Defendant's counsel stated during the hearing that the remaining counterclaim for abuse

of process would also likely be resolved if Plaintiff's case is dismissed.

"In deciding whether to stay discovery pending resolution of a pending motion, the

Court inevitably must balance the harm produced by a delay in discovery against the

possibility that the motion will be granted and entirely eliminate the need for such discovery.

This involves weighing the likely costs and burdens of proceeding with discovery."

*Feldman, supra,* 176 F.R.D. at 652.  In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353

(11th Cir. 1997), the court determined that challenges to the legal sufficiency of a claim or

defense should often be resolved before discovery begins.  *Id.* at 1367.  The court noted

---

[1]The nature of the counter-claim is not currently a matter for consideration by the undersigned.

3

that such disputes present purely legal questions where there is no need for discovery prior to ruling on dispositive motions. *Id.* (internal citations omitted). The *Chudasama* court also noted that discovery imposes many costs on the parties and can tax scarce judicial resources when discovery disputes arise. *Id.* at 1367-68. Therefore, it is in everyone's best interest to eliminate potentially non-meritorious claims before discovery begins.

In the instant action, Plaintiff attempts to support its position with reliance upon numerous district court cases decided by courts outside the Middle District of Florida and the Eleventh Circuit. *See* Docs. #18, #21, #22 and #34. The Court finds, however, that it need not look beyond the binding precedent of Eleventh Circuit case law and the persuasive law established by district courts within this circuit when considering the current non-dispositive motions. Thus, upon consideration of the facts of this case under the framework of *Chudasama* and *Feldman*, the undersigned finds Defendant has shown good cause for entry of a protective order staying discovery until such time as the pending motion for judgment on the pleadings is resolved. Accordingly, it is hereby

**ORDERED:**

1.      Defendant's Amended Motion for Protective Order or, in the alternative, Confidentiality Order (Doc. #16) is **GRANTED to the extent** discovery in this case shall be temporarily stayed. Other relief sought by Defendant's Amended Motion (Doc. #16) is **DENIED**. This stay will expire upon entry of an order resolving Defendant's Motion for Judgment on the Pleadings (Doc. #15). At that time, the parties may seek to revisit the established deadlines in this case.

2.      Plaintiff's Motion to Compel Production of Document[s] and Things (Doc. #22)

is **DENIED**.

3.      Plaintiff's Renewed Motion to Determine Sufficiency of Objections to Request

for Admissions and to Compel Answers (Doc. #28) is **DENIED**.

4.      Defendant's Motion for Protective Order (Doc. #32) is **DENIED AS MOOT**,

in light of the above ruling.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of February, 2006.

Copies to all counsel of record

_Thomas E. Morris_
**THOMAS E. MORRIS**
United States Magistrate Judge