**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DYC FISHING, LTD.,
a Jamaica corporation,

      Plaintiff,

vs.                                  CASE NO. 3:05-cv-481-J-25TEM

BEAVER STREET FISHERIES, INC.,
a Florida corporation,

      Defendant.
_____

## REPORT AND RECOMMENDATION[1]

    This case is before the Court on Plaintiff's Objection to Designation of Confidentiality and Request to Use or Disclose Particular Designated Material (Doc. #128) and Beaver Street Fisheries, Inc.'s Response...(Doc. #144).  Plaintiff asserts Defendant has improperly classified certain discovery materials as confidential under the terms of the governing protective order (*see* Doc. #58, Protective Order Governing Confidentiality of Discovery).  Defendant asserts the disputed documents are business and proprietary records properly designated as confidential under the protective order.

## Background

    Plaintiff initiated this lawsuit alleging claims for declaratory relief, tortious interference with advantageous business relations and common law unfair competition in relation to it

_____

    [1]Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

business in the Jamaican conch market. (*See* Doc. #1, Complaint).   Defendant asserts

Plaintiff filed this lawsuit solely for the purpose of gaining access to its confidential business

records (*see* Doc. #10, p. 13 and Doc. #16, p.3).   Defendant filed what it characterized as

a "compulsory counterclaim" (Doc. #10) asserting abuse of process, tortious interference

with advantageous business relationships and trade libel claims against Plaintiff.

Defendant moved for judgment on the pleadings, claiming Plaintiff failed to state a claim

that invoked the jurisdiction of the Court (Doc. #15).   The Court granted in part and denied

in part Defendant's motion for judgment on the pleadings (Doc. #42).   Thus, this case is

proceeding with Plaintiff's claims against Defendant for tortious interference and unfair

competition and Defendant's claims against Plaintiff for abuse of process, tortious

interference and trade libel.

The discovery process in this case has proven to be difficult, with the parties

contesting the handling of discovery from the outset (*see, e.g.*,  Docs. #14, #18, #21, #22,

#28, #32, #36, #50, #68).   After having heard oral argument of the parties (*see* Doc. #35)

and reviewing the pleadings, the Court found good cause to enter a protective order

concerning discovery of confidential materials (Doc. #58).   Specifically, the Court found

much of the discoverable information in this case would likely be confidential and/or

proprietary in nature, the public disclosure of which might harm either the parties to this suit

or third parties (Doc. #57, p.2).

## Analysis

Pursuant to Rule 26(c), a court may enter a protective order upon a motion of a party

"for good cause shown." Fed. R. Civ. P. 26. The Court must evaluate and balance the

interest of the parties and non-parties concerning the dissemination of discovery material

against the public's interest in gaining access to the information. *In Re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355-57 (11th Cir. 1987).  Further a court may enter a protective order when it is necessary to expedite the flow of discovery material, promote prompt resolution of dispute over confidentiality and facilitate the preservation of material arguable worthy of protection. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *In Re Alexander*, 820 F.2d at 356.

Under the facts of this case, it was apparent a protective order governing confidential business documents was necessary to facilitate the discovery process. Defendant has repeatedly maintained Plaintiff filed this lawsuit to obtain access to Defendant's business records for use in litigation in Jamaica (*see, e.g.*, Doc. #10, Counterclaim at ¶ 29; Doc. #144).  Now Plaintiff has specifically requested the Court remove Defendant's confidential designation to certain non-public business documents so that Plaintiff may use those records outside this litigation (*see* Doc. #128, p.3).

Rule 26(c) permits a court to pass a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed in a designated way."  Fed. R. Civ. P. 26(c)(7).  Trade secrets are information which represent substantial value to the movant as well as the opposing party. *Chicago Tribune Co. v. Bridgestone Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).  In *Bridgestone*, the Eleventh Circuit balanced the interest in confidentiality against the public's interest in safety. *Id*.  Overall, when applying Rule 26(c) courts must keep in mind the presumption in favor of public access to the courts. *Ex rel. Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d. 1353, 1365 (N.D. Ga. 2002). Thus, application of the rule must be in a manner consistent with (1) the common law right to inspect and copy judicial records; and, (2) the

3

First Amendment right of access to court records and documents. *Id.* In *King*, the court held that the common law right of access merely necessitates a "good cause" analysis under Rule 26(c). *Id.* at 1366. In *King*, the Estate's *prima facie* case for trade secret protection was sufficient to maintain confidentiality and outweighed the public's interest in uninhibited dissemination. *Id.*

Having reviewed the disputed documents, the Court finds Defendant has appropriately designated them as confidential under the protective order. The documents are clearly non-public and proprietary in nature. The information contained therein would normally not be available for public inspection. The potential injury of forcing the Defendant to relinquish company business records to the Plaintiff for use outside this litigation, and particularly for use in a foreign judicial proceeding where the Defendant is not a party, far outweighs Plaintiff's desire for free use of the discovered documents.

Thus, upon consideration of the facts of this case the undersigned recommends the Objection of Plaintiff (Doc. #128) be **overruled** and the confidential designation of Defendant's disputed discovery documents be enforced. Confidential material should be used only for the prosecution or defense of the action before this Court.

**DONE AND ENTERED** at Jacksonville, Florida this  18th  day of May, 2007.


*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
        and *pro se* parties, if any